IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No. 6:10-60136-AA

        Plaintiff,                       OPINION AND ORDER

   v.

ROBERT LINN MCCULLEN,

        Defendant.

_____

AIKEN, Chief Judge:

On September 20, 2011, defendant pled guilty to a charge of felon in possession of a firearm, and he subsequently was sentenced to the mandatory minimum, 180-month term of imprisonment. See 18 U.S.C. § 924(e)(1). Defendant's arrest and conviction arose from the discovery of a firearm on his person after law enforcement officers stopped the vehicle in which he was riding for alleged traffic violations.

Defendant now moves to vacate or set aside his conviction under 28 U.S.C. § 2255, on grounds that his trial counsel provided

1     - OPINION AND ORDER

ineffective assistance by failing to insure that defendant received an impartial second opinion and by failing to obtain certain evidence and witness statements, presumably to support a potential motion to suppress. Defendant also contends that counsel should have obtained fingerprint and DNA testing of the firearm.

To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Wash., 466 U.S. 668, 687 (1984). Defendant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Further, proving that the deficient performance caused prejudice requires more than "show[ing] that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Further, Strickland's two-prong approach applies to plea proceedings and requires a defendant to show a reasonable probability that, but for counsel's actions, petitioner would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Defendant fails to meet any part of the Strickland test.

Defendant contends that his counsel was ineffective for failing to insure defendant received an "impartial" second opinion

from another defense attorney. However, given that the second attorney was appointed by the court, see doc. 14, it is unclear what action defendant's counsel could have or should have taken. Regardless, defendant fails to establish any prejudice from the second opinion he received. Defendant maintains that the opinion of the second attorney was "false" but fails to support his conclusory assertion in any manner.

Defendant also argues that counsel was deficient in failing to explain that he could not raise a claim for ineffective assistance on direct appeal and in failing to withdraw after defendant "fired" him. Regardless of whether counsel informed defendant that an ineffective assistance claim is generally raised in a collateral proceeding rather than on direct appeal, defendant fails to establish any prejudice; defendant was able to raise such a claim and has done so. Further, in his plea petition and under oath during his sentencing, defendant stated that counsel discussed the details of the plea agreement with him, and that he was satisfied with the representation he had received. Docs. 18, 19. Moreover, defendant fails to show any prejudice, given the evidence of guilt and the applicable mandatory minimum sentence.

Defendant also argues that counsel rendered ineffective assistance by failing to obtain the personnel files of all officers involved in his arrest, failing to interview the driver of the vehicle, and failing to secure all visual and audio recordings from

3    - OPINION AND ORDER

the law enforcement vehicle involved in the traffic stop. Presumably, such evidence would have been pursued to support a potential motion to suppress, and defendant maintains counsel was ineffective for failing to file such a motion.

However, defendant provides no basis that would have supported the disclosure of officers' personnel files prior to their testimony at a suppression hearing or trial. Defendant's contention that the files might have contained impeachment material is based on nothing more than speculation. Further, defendant fails to identify what new or material evidence would have been discovered if counsel had interviewed the vehicle's driver or other unidentified persons. Presumably, counsel knew that the driver had denied running a red light or making an illegal turn; defendant does not explain what other information the driver would have provided. Regardless, as explained by the government, the driver had credibility issues, and counsel was not deficient by failing to interview him for additional information. Likewise, defendant fails to establish deficient performance or prejudice arising from the failure to seek video or audio recordings; as explained by the government, the law enforcement vehicle involved did not have such capabilities at the time of defendant's arrest. For all of these reasons, counsel was not deficient in deciding to forego a suppression motion, as the motion likely would have been denied and could have jeopardized plea negotiations with the government.

4    - OPINION AND ORDER

Finally, defendant asserts that counsel rendered ineffective assistance because the subject firearm was not examined for fingerprint and DNA testing. However, defendant's possession of the firearm was never in question, as the firearm was found in the waistband of his pants. In fact, at his change of plea hearing and sentencing, defendant admitted to possessing the firearm. Therefore, counsel had no basis to seek fingerprint or DNA testing of the firearm and did not render ineffective assistance in failing to do so.

In sum, defendant fails to establish a viable claim of ineffective assistance of counsel.

### CONCLUSION

Defendant's Motions to Set Aside, Vacate or Correct Sentence (doc. 42) is DENIED. Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

Dated this 7th day of July, 2013.

_____
Ann Aiken
United States District Judge

5    - OPINION AND ORDER